# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JENNIFER LYNN FREISMUTH,

                              Plaintiff,

v.                                                    Case No. 12-CV-114-JPS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.                                ORDER

*He who knows not and knows not he knows not: he is a fool—shun him.*

*He who knows not and knows he knows not: he is simple—teach him.*

*He who knows and knows not he knows: he is asleep—wake him.*

*He who knows and knows he knows: he is wise—follow him.*

German Proverb

                              * * * * *

Once again, the Court is charged with the unenviable task of deciding yet another in an exceptionally long line of Social Security cases run amok. This line of cases—the result of what might be charitably described as a wholly dysfunctional administrative process within the Social Security Administration—has continued to grow, bringing with it a skyrocketing number of remands. Moreover, the shortcomings associated with the administrative process are all too often exacerbated by the United States Attorney's submissions to the Court, which give every appearance of simply parroting the client agency's words without any serious independent legal

analysis or thoughtful review. To be sure, this is hardly an effective strategy to defend the indefensible.

In the end, perhaps the Court's concerns are best captured in the relevant historical data associated with Social Security cases filed in the Eastern District of Wisconsin, dating back to 2009.[1] This data reflects the following facts:

- in 2009, 78 Social Security cases were filed, of which 57, or 73%, were remanded;

- in 2010, 99 Social Security cases were filed, of which 70, or 71%, were remanded;

- in 2011, 121 Social Security cases were filed, 115 of which have been concluded to date—and 97, or 84%, have been remanded; and

- in 2012, 135 Social Security cases were filed, 40 of which have been concluded to date—and 33, or 83%, have been remanded.

As those figures show, both the number of filings and the rate of remand continue to rise.[2]

Accompanying that rise has been a deluge of taxpayer dollars paid out in the form of attorneys' fees to counsel for prevailing plaintiffs pursuant to the Equal Access to Justice Act (EAJA). These fees totaled $371,483 for 2009

---

[1] This data has been drawn from the appendix incorporated as part of this decision.

[2] Here, the Court should note that, to its credit, the government has acquiesced in the remand of approximately one third of those cases remanded. Indeed, that fact has helped to reduce the caseload and a portion of the costs associated with these remands. Nonetheless, it also raises an additional question: why do so many of these cases actually require that the claimant institute litigation before the government faces the hard reality that the case must be remanded?

cases; $392,797 for 2010 cases; $456,501.78 for the concluded 2011 cases; and $66,027 for the concluded 2012 cases. In the aggregate, to date these EAJA fees amount to 1.3 million dollars.

But that amount does not even begin to cover all of the expenses associated with dealing with these Social Security appeals. As if the attorneys' fees were not enough, the government—again through taxpayer dollars—must also cover the salaries and associated administrative expenses of the court, the court's staff, and the government's lawyers, all of whom have roles in the appeal process. The pre-appeal administrative process entails its own costs, including the salaries and expenses of the many administrative law judges and other staff tasked with various roles in making the initial determination of eligibility for Social Security benefits.

It does not end there, for beyond the matter of the staggering economic costs, there is also the matter of the personal and emotional cost endured by applicants. Those individuals must suffer the seemingly unending frustration of having their cases, not unlike the one before the court today, drag on for years with no ultimate resolution in sight. Indeed, the Court and the government must also be aware that, in the final analysis, a remand based upon a flawed administrative process, standing alone, provides no assurance that the applicant will ultimately secure a favorable eligibility determination.

Now on to the case at hand. The plaintiff in this matter, Jennifer Freismuth, filed her Social Security appeal on February 3, 2012. (Docket #1). In it, she challenges Administrative Law Judge Mary Everstine's finding that she was not disabled during the relevant time period in question. (Docket #1). The parties have fully briefed the matter, and it is now ripe for decision.

(Docket #7, #12, #13). As the reader may have intuited from the foregoing discussion, the Court finds that ALJ Everstine erred in reaching her decision, and the Court must, accordingly, vacate and remand this matter.

1.     BACKGROUND

Due to the significant volume of medical evidence in this case, as well as the complicated procedural history, the Court will address the background in two separate sections. In order to provide context for the basis of the plaintiff's disability claims, the Court will first address the procedural history followed by a discussion of the relevant evidence.

1.1     Procedural History

Ms. Freismuth filed her application for SSD benefits on November 22, 2004, alleging that she had been disabled since October 19, 2001.[3] (Tr. 93–95). Her claims were denied both initially and upon reconsideration. (Tr. 75–78, 82–85).

Ms. Freismuth requested an ALJ hearing on April 4, 2006, and eventually appeared before ALJ John Moreen on September 5, 2008. (Tr. 74, 561–84). ALJ Moreen determined that Ms. Freismuth could perform a significant number of light jobs and, therefore, determined that she was not disabled. (Tr. 38–55).

The Appeals Council reviewed ALJ Moreen's determination, at Ms. Freismuth's request, and on December 16, 2009, remanded the matter for a new ALJ hearing and decision. (Tr. 30–32).

---

[3]It should also be noted that Ms. Freismuth applied for Disability Insurance Benefits and Supplemental Security Income in November of 1992. (Tr. 41). After those claims were denied, she obtained a job and worked until 2001, at which time she now alleges her current alleged disability began to affect her. (Tr. 41, 88).

Pursuant to that remand, ALJ Everstine conducted a second ALJ hearing on August 23, 2010. (Tr. 585–608). Ms. Freismuth testified at that hearing, as did vocational expert Sharon Spaventa. (Tr. 585–608).

After taking that testimony and examining the evidence of record, ALJ Everstine determined that, as of Ms. Freismuth's date last insured (March 31, 2007), Ms. Freismuth could still perform a significant number of light jobs and therefore was not disabled. (Tr. 10–22). The ALJ's decision is discussed further in Part 1.3 of this Order.

Ms. Freismuth requested review of ALJ Everstine's decision, but on December 6, 2011, the Appeals Council declined to review the matter. (Tr. 4–6). The decision of ALJ Everstine[4] thus became final, and Ms. Freismuth appealed the matter to this Court.

### 1.2 Evidence and Testimony Before the ALJ

#### 1.2.1 Medical Evidence

Ms. Freismuth's alleged disability in this matter occurred over a long period of time, extending past her March 31, 2007, date last insured. Thus, the Court will separate the medical evidence occurring before March 31, 2007, and that occurring afterwards, as one of the issues in this case revolves around the date last insured. Furthermore, in each time period, Ms. Freismuth received both physiological and psychological treatment.

##### 1.2.1.1 Pre-March 31, 2007 Medical Evidence

Ms. Freismuth's medical problems at issue in this case began in October of 2000. (Tr. 295). At that time, she began to complain of neck pain,

---

[4]To prevent confusion, the Court notes that from this point forward, it will refer to ALJ Everstine as "the ALJ," without identifying her by name.

Case 2:12-cv-00114-JPS   Filed 01/31/13   Page 5 of 37   Document 14

hearing loss, and dizziness; a subsequent medical test indicated dysfunction involving her saccade eye movement control system. (Tr. 295).

On October 16, 2000, Ms. Freismuth began to see Dr. M.A. Strigenz, who conducted an MRI showing abnormalities and trauma in Ms. Freismuth's brain. (Tr. 194–95, 281). Dr. Strigenz prescribed Valium and Claritin to Ms. Freismuth, but Ms. Freismuth's hearing loss and balance problems continued. (Tr. 280–81).

Thus, on December 21, 2000, Dr. Strigenz performed surgery on Ms. Freismuth's right ear; then, on July 19, 2001, Dr. Phillip Wackym performed an additional ear surgery. (Tr. 169–60, 191–92). While these surgeries provided Ms. Freismuth some temporary relief, her hearing did not improve entirely. (Tr. 161, 276–77). Dr. Wackym determined that further surgery would not be useful, and thus recommended that Ms. Freismuth use a hearing aid. (Tr. 161).

Then, several years later, on November 5, 2004, Ms. Freismuth returned to Dr. Strigenz. (Tr. 263). At that time, she complained of continuing imbalance, vertigo, and nausea, for which Dr. Strigenz prescribed Xanax and Allegra. (Tr. 263). Nonetheless, Ms. Freismuth's hearing loss and dizziness problems continued into 2005 and 2007, and were noted by Dr. Strigenz at follow-up appointments in those years. (Tr. 228–33, 235–38).

Also in November of 2004, Ms. Freismuth began to see Dr. Nancy Goranson for psychological treatment. (Tr. 174–79). Dr. Goranson diagnosed major depressive disorder and recommended therapy and use of Lexapro. (Tr. 178–79). Dr. Goranson completed a questionnaire at the Social Security Administration's request on February 1, 2005; at that time, Dr. Goranson noted that Ms. Freismuth's depressive disorder had continued for

Case 2:12-cv-00114-JPS   Filed 01/31/13   Page 6 of 37   Document 14

approximately four years. (Tr. 171–73). Dr. Goranson's diagnosis of major depressive disorder was confirmed by a second treating doctor, Dr. Thomas Altepeter, on January 16, 2007.[5] (Tr. 338–40).

Throughout this period, Ms. Freismuth had several other doctors, as well, treating her brain problems. On December 21, 2004, Dr. Kenneth Viste informed the Social Security Administration that Ms. Freismuth received regular treatment for seizure disorder and depression. (Tr. 306). On July 5, 2005, Dr. Lori Pierquet evaluated Ms. Freismuth at the request of the Social Security Administration, and reported major depression, seizure disorder, hearing problems, vertigo, and several other impairments; from those symptoms, Dr. Pierquet determined that Ms. Freismuth's ability to work would be limited. (Tr. 196–201). Then, on July 8, 2005, Dr. Xian-feng Gu diagnosed Ms. Freismuth with well-controlled seizures and prescribed multiple medications over several months of treatment.[6] (Tr. 299–302).

As to Ms. Freismuth's physical well-being, Dr. Gina Everson took over treatment in October of 2005. (Tr. 253). Ms. Freismuth complained of the following problems: continued hearing loss, regular headaches, neck pain, left hand pain, fatigue, and vertigo (the latter as a result of taking her antibiotic medications). (Tr. 422). At that time, Dr. Everson diagnosed a right trapezius strain, headaches, tenosynovitis, vertigo, seizures, and fatigue. (Tr.

---

[5]Dr. Altepeter performed further post-March 31, 2007 testing, which confirmed that Ms. Freismuth's depression was severe and impaired her ability to obtain a job. (Tr. 312–18).

[6]In fact, Ms. Freismuth's treatment from Dr. Gu continued into 2009, over which time Ms. Freismuth's symptoms did not substantially improve; Dr. Gu made several changes to Ms. Freismuth's prescriptions. (Tr. 296–302, 385–86, 507–08).

254). Dr. Everson prescribed naproxen to help with Ms. Freismuth's trapezius strain. (Tr. 254). At Ms. Freismuth's October 26, 2005 follow-up appointment, Dr. Everson noted Ms. Freismuth's progress. There was no improvement in Ms. Freismuth's trapezius strain from taking the Naproxen. (Tr. 252).

### 1.2.1.2 Post-March 31, 2007 Medical Evidence

Ms. Freismuth returned to Dr. Everson on December 28, 2007, complaining of aches and fatigue. (Tr. 413). Dr. Everson ordered an MRI of Ms. Freismuth and, in January of 2008, determined that Ms. Freismuth was suffering from mild degenerative disease in her back. (Tr. 410–11). In the same month, Dr. Everson diagnosed Ms. Freismuth with diffuse myalgias consistent with fibromyalgia, and stated that depression likely contributed to those symptoms; Dr. Everson prescribed Trazodone and Flexeril to Ms. Freismuth, referred her to physical therapy, and suggested that she seek psychiatric treatment. (Tr. 392, 548).

Ms. Freismuth then began seeing additional doctors for both sleep difficulties and fibromyalgia. In February of 2008, Ms. Freismuth began to see Dr. Elliot Phillips, a sleep specialist. (Tr. 381). Over the course of several meetings, Dr. Phillips diagnosed Ms. Freismuth with several sleep-related disorders and prescribed both Provigil and Adderall. (Tr. 374, 381–82, 400-01, 404, 427, 433–40). Also, in March of 2008, Dr. Elizabeth Bensen began to treat Ms. Freismuth for fibromyalgia-related symptoms. (Tr. 541). Dr. Bensen diagnosed generalized pain with mood symptoms and advised that Ms. Freismuth discontinue her physical therapy. (Tr. 541). Eventually, in July of 2008, Dr. Bensen prescribed Celebrex to treat Ms. Freismuth's pain; two

months later, Ms. Freismuth reported that Celebrex was not effective. (Tr. 535, 537).

In September of 2008, Drs. Phillips, Bensen, and Everson evaluated Ms. Freismuth's ability to work, and determined that Ms. Freismuth would likely have extreme difficulty finding work. (Tr. 435–39, 457, 535). Due to Ms. Freismuth's sleep problems, Dr. Phillips estimated that she would need hourly 15- to 30-minute breaks during an 8-hour day, and that she would typically be absent from work more than three times per month. (Tr. 439). In additional evaluations, Drs. Phillips and Everson found that Ms. Freismuth suffered from multiple impairments that caused interrelated physical and mental problems that would significantly impair her ability to work. (Tr. 441–45, 446–53).

Ms. Freismuth's pain and sleeping problems continued through 2010, and throughout that time Ms. Freismuth continued to visit Dr. Everson. (Tr. 455, 483, 548–50). In 2010, Dr. Everson stated that Ms. Freismuth continued to be impaired as a result of symptoms that had been present since October of 2001. (Tr. 550).

### 1.2.2 Testimony at the ALJ Hearing

Ms. Freismuth testified before the ALJ and stated that she worked for several years as an administrative assistant, but was permanently laid off from her job in 2001, around the onset of her disability. (Tr. 567–68). After being laid off, Ms. Freismuth found another job, but was laid off after three weeks, because the company found that she could not learn the work requirements quickly enough. (Tr. 567). Thus, Ms. Freismuth filed for disability benefits, alleging that she suffered from: problems with memory, concentration, and following written instructions; fibromyalgia; narcolepsy;

seizures; hearing loss; and vertigo. (Tr. 93–95, 567–69, 571–72, 592). Ms. Freismuth also testified more specifically that she had dizziness with standing or walking (but could walk for ten to fifteen minutes or sit for thirty minutes), that she could lift and carry a twenty-pound object a short distance, that she could sit for thirty minutes but would be restless during that period, and that she had lost her hearing in her right ear. (Tr. 567–69, 571–72, 592). Ms. Freismuth states that she does most of the housework (excepting vacuuming or lifting-related tasks such as laundry) and grocery shopping. (Tr. 573, 578).

The vocational expert, Ms. Saventa, then testified before the ALJ. (Tr. 603–08). The ALJ posed a hypothetical to Ms. Saventa, asking how many jobs would be available to an individual with Ms. Freismuth's limitations and qualifications. (Tr. 603–04). Specifically, the ALJ noted that the hypothetical person would have Ms. Freismuth's educational background and work experience. (Tr. 603–04). The ALJ also limited the hypothetical person's abilities further, to include only simple and repetitive tasks requiring light work, with only occasional stooping, crouching or crawling; without any climbing of ladders, balancing, working from unprotected heights, or operating hazardous machinery; and not requiring excellent hearing. (Tr. 603–04). Taking all of those qualifications and limitations into account, the vocational expert determined that the hypothetical person could likely perform 8,200 jobs in the region as a marker and 5,200 jobs in the region as a hotel room cleaner. (Tr. 604).

Ms. Freismuth's representative then questioned the vocational expert as to whether such hypothetical person would be able to work those jobs if he or she would be likely to miss work three times each month. (Tr. 604–05).

The representative also asked whether the person would be able to perform those jobs if he or she required unscheduled breaks of thirty to forty minutes. (Tr. 605). As to both questions, the vocational expert conceded that the hypothetical person could not work the marker or cleaner jobs if either of the additional limitations were imposed. (Tr. 604–05).

### 1.3 ALJ's Decision

Having considered the above-discussed evidence and testimony of the parties, the ALJ made several determinations. First, the ALJ determined that Ms. Freismuth had not performed substantial gainful activity since her onset date, and that her date last insured was March 31, 2007. (Tr. 15). Second, the ALJ identified several severe mental and physical impairments, including hearing loss, vertigo, major depressive disorder, head trauma with controlled seizures, and degenerative disc disease of the spine. (Tr. 15–16). Third, the ALJ considered whether Ms. Freismuth suffered from any marked limitations of criteria in Listing 12.04 (affective disorders); she determined that Ms. Freismuth did not have any impairment or combination thereof that met or equaled the listed impairments. (Tr. 11, 17–18).

Next, and most importantly for this review, the ALJ determined that, as of the March 31, 2007, date last insured, Ms. Freismuth retained the residual functional capacity (RFC) to perform light work with a substantial number of limitations.[7] (Tr. 15–21). In reaching that finding, the ALJ found

---

[7] The ALJ found that Ms. Freismuth could perform light work that did not involve: frequent stooping, crouching, or crawling; climbing ladders; working at unprotected heights; or operating hazardous machinery. (Tr. 15–21). The ALJ also determined that Ms. Freismuth's job should not require excellent hearing or optimal balance, and should be confined to simple and repetitive tasks. (Tr. 15–21).

that Ms. Freismuth's testimony was not credible with regards to the intensity, persistence, and limiting effects of her symptoms. (Tr. 19). The ALJ based that credibility determination on the fact that Ms. Freismuth had worked until 2001, despite suffering her initially-disabling injury in 1992. (Tr. 19). Relatedly, the ALJ noted that Ms. Freismuth had stated that her symptoms improved in early 2001 before losing her job, only to change her tune in late 2001 following her layoff. (Tr. 19). The ALJ pointed out that, in reality, Ms. Freismuth's symptoms did not contribute to her loss of work—rather, she was let go as a result of downsizing. (Tr. 19). From that evidence, the ALJ gleaned that Ms. Freismuth retained her capacity to work following her 2001 layoff, and that her testimony otherwise was not credible. (Tr. 19). The ALJ buttressed that determination by pointing to reports of Ms. Freismuth's health care providers in which they suggested she find work. (Tr. 19–20).

Based on these determinations, the ALJ found that Ms. Freismuth's severe impairments would prevent her from performing her past relevant work. (Tr. 21).

Nonetheless, the ALJ determined that Ms. Freismuth retained the RFC to perform a significant number of other light jobs, and therefore was not disabled. (Tr. 21).

2.    DISCUSSION

Ms. Freismuth offers the Court several reasons to overturn the ALJ's decision. First, she argues that the ALJ did not accord appropriate weight to the medical evidence in this case. (Pl.'s Br. 17–21). Second, Ms. Freismuth takes issue with the ALJ's determination that Ms. Freismuth's testimony lacked credibility. (Pl.'s Br. 21–24). Finally, she alleges that the testimony of the vocational expert was flawed. (Pl.'s Br. 24–25). If the Court finds that any

Case 2:12-cv-00114-JPS   Filed 01/31/13   Page 12 of 37   Document 14

one of those alleged errors is present in the ALJ's decision, the Court must reverse that decision.

### 2.1    Weight of Medical Evidence

Despite having grouped them all into one section of her brief, Ms. Freismuth has made several distinct arguments for reversal based on medical evidence. She first alleges error in the weight accorded to Dr. Everson's medical opinion. (Pl.'s Br. 17–19). Next, she argues that the ALJ erred by failing to accord weight to Dr. Phillips' opinion. (Pl.'s Br. 19–20). And, finally, Ms. Freismuth points out that the ALJ's RFC determination was not based upon a medical opinion, and states that such failure constitutes error. (Pl.'s Br. 20–21).

#### 2.1.1   Dr. Everson's Medical Opinions

"A treating physician's opinion that is consistent with the record is generally entitled to 'controlling weight.' …An ALJ who chooses to reject a treating physician's opinion must provide a sound explanation for the rejection." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 20 C.F.R. § 404.1527(d)(2)).

Here, the ALJ stated that she gave little weight to Dr. Everson's medical opinions. (Tr. 20). Specifically, the ALJ noted that Ms. Freismuth only visited Dr. Everson twice before her March 31, 2007, date last insured, and that in those two visits Ms. Freismuth presented very mild impairments. (Tr. 20–21). Furthermore, the ALJ disregarded all of Dr. Everson's opinions occurring after the date last insured, holding that those opinions did not relate to the insured period. (Tr. 20–21).

The ALJ erred in rejecting Dr. Everson's post-date last insured opinions. The Appeals Council remanded the first ALJ decision with specific

Page 13 of 21

instructions to consider a Multiple Impairment Questionnaire that was submitted by Dr. Everson on October 2, 2008. (Tr. 31). The Appeals Council also demanded that the ALJ obtain additional medical evidence, including statements from medical sources, regarding Ms. Freismuth's impairments. (Tr. 31–32). Those instructions make clear that the Appeals Council considered evidence established after the date last insured to be relevant to the ALJ's determination. Furthermore, as a simple matter of logic, even if medical evidence (such as the post-date last insured opinions of Dr. Everson) did not exist at the date last insured, that fact standing alone does not mean that such evidence lacks probative value as to a plaintiff's pre-date last insured impairments. *See, e.g.*, *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998) (stating that retrospective medical opinions should be considered if corroborated with evidence contemporaneous to the eligible period), *Allord v. Barnhart*, 455 F.3d 818, 822 (7th Cir. 2006). For these reasons, the Court must conclude that the ALJ failed to provide an adequate explanation for rejecting Dr. Everson's post-date last insured opinions. The Court is thus obliged to find that the ALJ erred in that respect.

As to the ALJ's discounting the weight afforded to Dr. Everson's pre-date last insured opinions, the Court finds that such action was appropriate and supported by a sound explanation. In that respect, the ALJ offered substantial reasons for discounting the weight of those opinions, such as the fact that Ms. Freismuth's symptoms were mild and seemed to be improving and also that Dr. Everson saw Ms. Freismuth only twice in the relevant time period. (Tr. 20–21). Dr. Everson's pre-date last insured opinions were based on a mere two visits within the same month, during which time the patient's

health was in flux—hardly a strong baseline from which to determine Ms. Freismuth's state of health. Thus, the Court must conclude that the ALJ provided a firm rationale for discounting those pre-date last insured opinions. Therefore, such action was not in error.

### 2.1.2 Dr. Phillips' Medical Opinions

The ALJ discarded Dr. Phillips' medical opinions entirely, which was an error. So long as medical opinions from treating physicians are corroborated by evidence from the insured period, they should be given weight, even if they were not rendered before the date last insured. *Estok*, 152 F.3d at 640.

Dr. Phillips' opinions are consistent with evidence of fatigue existing before the date last insured, and therefore should have been considered by the ALJ. *Id.* Dr. Everson assessed Ms. Freismuth and noted fatigue in October of 2005.[8] (Tr. 254). Thus, Dr. Phillips' opinions are consistent with symptoms exhibited by Ms. Freismuth during the insured period. As such, under *Estok* and 20 C.F.R. §§ 404.1527(d)(2)–(6), the ALJ should have considered Dr. Phillips' opinions; her decision to outright disregard such evidence constitutes an error. 152 F.3d at 640.

### 2.1.3 ALJ's RFC Determination

Ms. Freismuth's last argument regarding the ALJ's consideration of the medical evidence relates to the ALJ's RFC determination: Ms. Freismuth

---

[8]On this point, the Commissioner argues that Ms. Freismuth did not exhibit signs of fatigue during the insured period. (Def.'s Resp. 12). Given the evidence from Dr. Everson's October assessments of Ms. Freismuth, it is clear that the Commissioner is simply wrong on this point.

alleges that the ALJ did not base that determination on any medical opinion in the record. (Pl.'s Br. 20).

Indeed, an ALJ cannot reject every medical opinion in a given record in reaching an RFC determination. *Suide v. Astrue*, 371 Fed.Appx. 684 (7th Cir. 2010) (establishing that an ALJ may not substitute his or her lay opinion for all other medical sources in record)*, Eakin v. Astrue*, 432 Fed.Appx. 607 (7th Cir. 2011).

Here, the ALJ did just that—she reached an RFC determination that is not wholly based on *any* medical opinion in the record. The Commissioner argues that the ALJ's RFC determination is consistent with the opinion of state agency physician Dr. Baumblatt (Def.'s Br. 13), but then goes on to acknowledge that the RFC is only "generally" consistent with Dr. Baumblatt's less restrictive determination that Ms. Freismuth could perform light work. (Tr. 216–23). In the Court's opinion, it seems that the ALJ merely split the difference between Dr. Baumblatt's opinion and the plethora of medical evidence discussed above that documents Ms. Freismuth's multiple impairments. The ALJ addressed only Dr. Everson's medical opinions in detail before reaching the RFC determination; little other medical evidence was discussed. Given the large amount of evidence available and the lack of adequate discussion of a large portion of that evidence, the Court must conclude that the ALJ substituted her opinion for those of the other medical sources in the record. Such substitution constitutes reversible error. *Suide*, 371 Fed.Appx. 684.

Case 2:12-cv-00114-JPS   Filed 01/31/13   Page 16 of 37   Document 14

## 2.2 Credibility Determination

In evaluating a claimant's testimony regarding pain and other subjective matters, an ALJ must follow a two-step process: first, the ALJ must determine whether the complained-of symptoms are consistent with objective medical evidence in the record; and, second, the ALJ must evaluate the claimant's credibility regarding the specific contours of that pain (such as intensity, persistence, and effects). Social Security Ruling 96-7p (interpreting 20 C.F.R. § 404.1529).

Here, there is no question that the ALJ completed the first of those steps—the ALJ stated that the objective evidence "could reasonably be expected to cause the alleged symptoms." (Tr. 18).

At the second step of the evaluation, though, the ALJ erred. To begin, the ALJ used inappropriate language at that step in determining that Ms. Freismuth's statements were not credible to the extent they were inconsistent with the RFC. The exact language that the ALJ used has been roundly criticized by the Seventh Circuit as meaningless boilerplate. *See, e.g., Bjornson v. Astrue*, 671 F.3d 640, 645–647 (7th Cir. 2012).

Furthermore, even disregarding that meaningless language, the ALJ's credibility determination here was deeply flawed. For example, the ALJ found it very relevant that Ms. Freismuth had worked for several years after a 1992 car crash before becoming disabled, and that Ms. Freismuth had been laid off (as opposed to having left due to her condition) from her job. (Tr. 19). Yet, the ALJ neglected to mention that Ms. Freismuth had been in a second car crash in 2000 that could very well have precipitated additional impairments. Furthermore, there is evidence that Ms. Freismuth was having

significant problems at her job prior to being laid off in 2001. (Tr. 575). And, while Ms. Freismuth's ability to perform household chores may be somewhat inconsistent with her reported impairments, there is a vast difference between performing limited amounts of non-exertional household chores and being able to work for eight hours per day, several days per week. *Hughes v. Astrue*, No. 12-1873, --- F.3d ----, 2013 WL 163477, at *3 (7th Cir. Jan. 16, 2013) (citing *Bjornson*, 671 F.3d at 647; *Craft v. Astrue,* 539 F.3d 668, 680 (7th Cir.2008); *Gentle v. Barnhart,* 430 F.3d 865, 867–68 (7th Cir.2005); *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 248–49 (6th Cir.2007); *Draper v. Barnhart,* 425 F.3d 1127, 1131 (8th Cir.2005)). In sum, the ALJ seems to have disregarded some important evidence that weighs against her RFC determination and to have overvalued the evidence that she did rely on.

Given those errors, as well as the ALJ's use of disfavored language, the Court must conclude that the ALJ erred in making her credibility determination.

### 2.4    Vocational Expert Testimony

Ms. Freismuth's final argument centers around the hypothetical questions posed by the ALJ to the vocational expert to determine Ms. Freismuth's ability to work. (Pl.'s Br. 24–25). On this point, Ms. Freismuth argues that the ALJ presented the vocational expert with a hypothetical that did not take all of the medical evidence into consideration. (Pl.'s Br. 24–25). The Court agrees.

An ALJ's hypotheticals to a vocational expert must take into account all of a claimant's limitations. *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009).

Here, the ALJ's hypothetical failed to include limitations for frequent breaks, frequent absences, and mental limitations. (Tr. 603–08). There are numerous medical opinions in the record in this matter, practically all of which acknowledge that Ms. Freismuth would need frequent breaks. (Tr. 201, 438–39, 444, 451–52). And, while the ALJ failed to include a frequent-break limitation in his hypothetical questions, the VE testified (pursuant to one of Ms. Freismuth's questions) that no jobs would exist for an individual needing to take frequent breaks, as would likely be required in Ms. Freismuth's case. There is also a significant bundle of evidence concerning Ms. Freismuth's mental limitations in concentration, persistence, and pace, as well as in daily living and social functioning; the ALJ included only a limitation that Ms. Freismuth be limited to simple and repetitive tasks. (Tr. 17, 603). From these problems, it is quite clear to the Court that the ALJ simply disregarded much of the record in forming her hypothetical questions.

Thus, given that the ALJ ignored many of Ms. Freismuth's limitations, the Court is obliged to determine that her decision was in error. *Stewart*, 561 F.3d at 684.

3.      CONCLUSION

This case is not a close one. Whereas Social Security appeals often exist in a grey area, with much of an ALJ's decision correct with some minor errors, here the ALJ's decision is absolutely riddled with errors. In reality, the Court has little idea as to why the Commissioner chose to defend this case on appeal. Not only were there multiple problems with the ALJ's decision that were readily apparent to the Court, but it also appears that the Commissioner's attorneys elected to spend very little time and effort writing the brief in defense of the ALJ's decision. The Commissioner's brief includes

Page 19 of 21

an error of fact on the dispositive matter of Dr. Phillips' opinion (misidentifying the onset of Ms. Freismuth's fatigue). More telling, other than a passing reference to the standard of review, the government's brief does not include a *single* citation to case law in its legal analysis of the administrative record.

If the Commissioner is not going to put forth an adequate effort to defend an ALJ's decisions, why defend them at all? To the Court it is quite apparent that a thorough early evaluation by the Commissioner would have disclosed that this case should have never proceeded to the point of formal briefing, given the glaring errors in the ALJ's decision. Frankly, with a very full case load, the Court finds it insulting to be continually called upon to review these cases, when the Commissioner's counsel can neither appropriately screen them nor adequately brief them. As earlier noted in this decision, reversals of ALJ determinations in Social Security cases have absolutely skyrocketed. The record in this case amply demonstrates why: the Commissioner continues to engage in the Sisyphean task of defending a significant number of ALJ decisions, without first giving appropriate consideration to the merits of such defenses. The Court fully expects that this untenable situation will be remedied post haste, and in a manner that insures that both the Social Security Administration and the U.S. Attorney's office devote their respective resources to defending ALJ decisions that truly have merit. If not—at the risk of stating the obvious—they will soon find themselves in very deep trouble.

Given the significant errors in the ALJ's decision, as noted above, the Court is obliged to vacate the decision of the ALJ and remand this case for further proceedings consistent with this opinion.

Accordingly,

IT IS ORDERED that the opinion of the ALJ be and the same is hereby VACATED and REMANDED for further proceedings consistent with this opinion.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2013.

BY THE COURT:

J.P. Stoltmueller
U.S. District Judge

Case 2:12-cv-00114-JPS   Filed 01/31/13   Page 21 of 37   Document 14

# *Appendix*

## Disposition Profile - Social Security Cases
## Eastern District of Wisconsin
## 2009 - 2013

# Summary

## 2009

| | |
|---|---|
| **Total Cases Filed:** 78 | |
| **Closed Cases:** 78 | |
| **Remanded:** 57 | |
| **Affirmed:** 16 | |
| **Dismissed/Other:** 5 | |
| **Total Attys' Fees:** $371,483.19 | |
| **Total Costs:** $4,209.10 | |

## 2010

| | |
|---|---|
| **Total Cases Filed:** 99 | |
| **Closed Cases:** 99 | |
| **Remanded:** 70 | |
| **Affirmed:** 23 | |
| **Dismissed/Other:** 6 | |
| **Total Attys' Fees:** $392,797.00* | |
| **Total Costs:** $5,943.11 | |

## 2011

| | |
|---|---|
| **Total Cases Filed:** 121 | |
| **Closed Cases:** 115* | |
| **Remanded:** 97 | |
| **Affirmed:** 11 | |
| **Dismissed/Other:** 7 | |
| **Total Attys' Fees:** $456,501.78* | |
| **Total Costs:** $7,623.27* | |

## 2012

| | |
|---|---|
| **Total Cases Filed:** 135 | |
| **Closed Cases:** 40* | |
| **Remanded:** 33 | |
| **Affirmed:** 5 | |
| **Dismissed/Other:** 2 | |
| **Total Attys' Fees:** $80,177.08* | |
| **Total Costs:** $1,777.00* | |

## 2013

| | |
|---|---|
| **Total Cases Filed:** 17* | |
| **Closed Cases:** 0* | |
| **Remanded:** 0 | |
| **Affirmed:** 0 | |
| **Dismissed/Other:** 0 | |
| **Total Attys' Fees:** $0.00* | |
| **Total Costs:** $0.00* | |

*As of January 31, 2013

# 2009 Social Security Cases

| Date Filed | Case No./Judge | Case Title | Disposition | Disp. Date | Attorneys' Fees/Costs |
|---|---|---|---|---|---|
| 03/06/06 03/27/09 | 06-CV-0273-CNC | Nelms v. Astrue | Remanded by the Seventh Circuit | 03/31/09 | $31,191.82/IFP |
| 09/01/06 04/06/09 | 06-CV-0933-JPS | McKay v. Astrue | Vacated/Remanded | 12/08/10 | $11,310.30/IFP |
| 04/01/08 02/10/09 | 08-CV-0284-LA | Sucharski v. Astrue | Reversed/Remanded | 09/25/09 | $10,248.25/$350.00 |
| 05/21/08 09/15/09 | 08-CV-0450-RTR | Ross v. Astrue | Remanded by the Seventh Circuit | 09/22/09 | $11,976.80/IFP |
| 01/06/09 | 09-CV-0024-WCG | Baker v. Astrue | Remanded on Parties' Joint Motion | 06/26/09 | None |
| 01/08/09 | 09-CV-0036-LA | Christel v. Astrue | Reversed/Remanded | 07/24/09 | $3,000.00/IFP |
| 01/08/09 | 09-CV-0041-JPS | Smith v. Astrue | Vacated/Remanded | 03/02/10 | $7,194.88/$350.00 |
| 01/13/09 | 09-CV-0055-CNC | Nieves Rivera v. Astrue | Affirmed | 12/20/10 | N/A |
| 01/14/09 | 09-CV-0060-LA | Mattison v. Astrue | Reversed/Remanded | 08/21/09 | Motion Denied/$350.00 |
| 01/14/09 | 09-CV-0061-RTR | Jones v. Astrue | Affirmed | 07/17/09 | N/A |
| 01/16/09 | 09-CV-0072-AEG | Thao v. Astrue | Remanded on Parties' Joint Motion | 08/17/09 | $4,200.00/IFP |
| 02/09/09 | 09-CV-0130-LA | Lopez v. Astrue | Dismissed | 11/30/09 | IFP/Pro se |
| 02/13/09 | 09-CV-0147-CNC | McCormick v. Astrue | Remanded on Parties' Joint Motion | 09/15/09 | $10,870.25/$350.00 |
| 02/19/09 | 09-CV-0173-RTR | Segalle v. Astrue | Remanded | 02/04/10 | $3,524.41/IFP |
| 02/20/09 01/28/11 | 09-CV-0178-JPS | Spiva v. Astrue | Remanded by the Seventh Circuit | 02/14/11 | $17,408.22/$677.99 |
| 02/25/09 | 09-CV-0203-LA | Joseph v. Astrue | Remanded on Parties' Joint Motion | 07/28/09 | $3,534.00/IFP |
| 02/27/09 | 09-CV-0212-LA | Thompson v. Astrue | Dismissed | 03/30/10 | IFP/Pro se |
| 03/10/09 | 09-CV-0270-AEG | Ratulowski v. Commissioner Social Security Administration | Affirmed | 10/19/09 | N/A |
| 03/12/09 | 09-CV-0281-RTR | Corson v. Astrue | Affirmed | 02/10/10 | N/A |
| 03/23/09 | 09-CV-0313-WEC | Hudson v. Astrue | Reversed/Remanded | 03/25/10 | $11,344.60 |
| 04/03/09 | 09-CV-0358-JPS | Roquemore v. Astrue | Vacated/Remanded | 03/10/10 | $5,300.00/IFP |
| 04/09/09 01/26/10 | 09-CV-0367-WCG | Dobrecevich-Voelkel v. Astrue | Remanded | 03/03/11 | $7,386.65/IFP |
| 04/10/09 | 09-CV-0372-JPS | Powell v. Astrue | Remanded on Parties' Joint Motion | 10/08/09 | $5,250.00/IFP |
| 04/15/09 | 09-CV-0392-LA | Ramos v. Astrue | Reversed/Remanded | 11/27/09 | $8,431.50/IFP |
| 05/06/09 | 09-CV-0464-LA | Lunsford v. Astrue | Reversed/Remanded | 04/02/10 | $6,750.00 |
| 05/08/09 | 09-CV-0472-JPS | Washington v. Astrue | Affirmed | 08/19/10 | N/A |
| 05/12/09 | 09-CV-0483-LA | Stitch v. Astrue | Affirmed | 01/31/10 | N/A |
| 05/13/09 | 09-CV-0485-CNC | Emanuele v. Astrue | Reversed/Remanded | 03/17/11 | IFP/Pro se |
| 05/22/09 | 09-CV-0523-WCG | Kemp v. Astrue | Affirmed | 09/30/10 | N/A |
| 05/27/09 | 09-CV-0534-WCG | Vander Linden v. Commissioner Social Security Adminstration | Reversed/Remanded | 04/07/10 | $6,000.00/IFP |
| 05/28/09 | 09-CV-0537-CNC | Reynolds v. Astrue | Remanded | 07/21/10 | $5,500.00/$350.00 |
| 06/01/09 11/23/10 | 09-CV-0547-JPS | Phillips v. Astrue | Vacated/Remanded | 08/10/11 | $5,500.00 |
| 06/04/09 | 09-CV-0559-WCG | Leverance v. Astrue | Remanded on Government's Motion | 09/20/10 | IFP/Pro se |
| 06/04/09 | 09-CV-0560-CNC | Vander Meulen v. Astrue | Reversed/Remanded | 03/13/12 | $6,478.75/IFP |
| 06/11/09 | 09-CV-0582-RTR | Krucky v. Astrue | Remanded on Parties' Joint Motion | 11/23/09 | $5,394.81/IFP |

| 06/16/09 | 09-CV-0594-PJG | O'Brien v. Astrue | Affirmed | 09/03/10 | N/A |
|---|---|---|---|---|---|
| 06/19/09 | 09-CV-0615-LA | Flores v. Astrue | Remanded on Government's Motion | 10/19/09 | None |
| 06/24/09 | 09-CV-0626-RTR | Boldon v. Astrue | Affirmed | 01/22/10 | N/A |
| 06/26/09 | 09-CV-0629-JPS | Carr v. Astrue | Affirmed | 07/30/10 | N/A |
| 07/07/09 | 09-CV-0665-CNC | Winters v. Astrue | Reversed/Remanded | 09/08/10 | $5,685.64/IFP |
| 07/14/09 | 09-CV-0688-PJG | Banks v. Astrue | Remanded | 09/27/10 | $4,500.00/IFP |
| 07/16/09 | 09-CV-0695-RTR | McDonald v. Astrue | Remanded on Parties' Joint Motion | 01/08/10 | None |
| 07/22/09 | 09-CV-0717-LA | Jones v. Astrue | Remanded on Parties' Joint Motion | 01/23/10 | $5,197.50/IFP |
| 07/22/09 | 09-CV-0719-PJG | Le Vaughn v. Astrue | Remanded | 09/30/10 | $2,874.00/$350.00 |
| 07/23/09 | 09-CV-0721-RTR | Larson v. Astrue | Reversed/Remanded | 08/16/10 | $4,638.62 |
| 07/24/09 | 09-CV-0727-RTR | Zirzow v. Astrue | Remanded | 01/22/10 | $7,713.0/IFP |
| 08/03/09 | 09-CV-0754-RTR | Mercier v. Astrue | Remanded | 02/03/10 | $5,300.00/IFP |
| 08/11/09 | 09-CV-0773-RTR | Jemison v. Astrue | Reversed/Remanded | 08/19/10 | $8,397.00/IFP |
| 08/13/09 03/02/11 | 09-CV-0784-JPS | Mott v. Astrue | Remanded on Government's Motion | 03/09/11 | $12,725.93/$160.99 |
| 08/14/09 | 09-CV-0791-CNC | Lengling v. Astrue | Dismissed on Government's Motion | 12/10/10 | IFP/Pro se |
| 08/17/09 | 09-CV-0798-JPS | Alicea v. Astrue | Remanded on Government's Motion | 10/28/09 | IFP/Pro se |
| 08/19/09 | 09-CV-0803-JPS | Troop v. Astrue | Vacated/Remanded | 09/24/10 | $5,877.50/IFP |
| 08/21/09 | 09-CV-0812-JPS | Thompson v. Astrue | Vacated/Remanded | 07/16/10 | None |
| 09/10/09 | 09-CV-0868-CNC | Jones v. Astrue | Affirmed | 10/31/11 | N/A |
| 09/10/09 | 09-CV-0874-RTR | Walker v. Astrue | Remanded | 05/19/10 | $5,100.00/IFP |
| 09/11/09 | 09-CV-0876-RTR | Lashley v. Astrue | Dismissed on Government's Motion | 04/14/10 | IFP/Pro se |
| 09/15/09 | 09-CV-0888-CNC | Kampe v. Astrue | Vacated/Remanded | 03/31/12 | $6,056.77/$350.00 |
| 09/16/09 | 09-CV-0893-WCG | Harder v. Astrue | Remanded on Government's Motion | 05/21/10 | $6,350.00 |
| 09/17/09 | 09-CV-0897-WCG | Birling v. Social Security Administration | Stayed pending plaintiff's release from prison | 08/16/10 | N/A |
| 09/17/09 | 09-CV-0900-WEC | Woods v. Astrue | Reversed/Remanded | 09/29/10 | $4,264.13/IFP |
| 09/21/09 | 09-CV-0912-LA | Weber v. Astrue | Reversed/Remanded | 05/11/10 | $5,700.00/IFP |
| 09/21/09 | 09-CV-0914-WEC | Rodriguez v. Astrue | Affirmed | 09/01/10 | N/A |
| 09/23/09 | 09-CV-0918-PJG | Carr v. Astrue | Affirmed | 09/23/10 | N/A |
| 09/29/09 | 09-CV-0938-PJG | Gallagher v. Astrue | Affirmed | 09/30/10 | N/A |
| 09/30/09 | 09-CV-0947-CNC | Freeman v. Astrue | Reversed/Remanded | 09/16/11 | $17,068.37/$350.00 |
| 10/02/09 | 09-CV-0953-JPS | Jefferson v. Astrue | Vacated/Remanded | 08/03/10 | $7,047.50/IFP |
| 10/13/09 | 09-CV-0978-CNC | Watts v. Astrue | Remanded on Parties' Joint Motion | 05/07/10 | $1,900.00 |
| 10/19/09 | 09-CV-0990-WCG | Kirk v. Astrue | Affirmed | 12/02/10 | N/A |
| 10/28/09 | 09-CV-1020-JPS | Caraballo v. Astrue | Vacated/Remanded | 03/07/11 | Motion for Fees Denied |
| 11/04/09 | 09-CV-1040-WEC | Wright v. Astrue | Reversed/Remanded | 01/12/11 | $6,900.00 |
| 11/12/09 | 09-CV-1067-AEG | Levins v. Astrue | Reversed/Remanded | 05/10/10 | $13,158.75/IFP |
| 11/12/09 | 09-CV-1068-PJG | Holzem v. Astrue | Remanded | 03/15/11 | $6,645.75/IFP |
| 11/17/09 | 09-CV-1084-WCG | Haase v. Astrue | Affirmed | 08/27/10 | N/A |
| 11/24/09 | 09-CV-1101-LA | Kadletz v. Astrue | Reversed/Remanded | 07/26/10 | $8,571.00/IFP |

| 12/03/09 | 09-CV-1120-AEG | Schott v. Astrue | Remanded on Parties' Joint Motion | 03/18/10 | None |
|---|---|---|---|---|---|
| 12/07/09 | 09-CV-1128-WCG | Vanderloop v. Astrue | Reversed/Remanded | 11/15/10 | $7,000.00 |
| 12/21/09 | 09-CV-1163-WCG | Monroe v. Astrue | Remanded | 03/09/11 | $8,564.48/$435.02 |
| 12/31/09 10/13/11 | 09-CV-1197-WCG | Robinson v. Astrue | Remanded by the Seventh Circuit | 11/15/11 | $16,452.00/$135.10 |

# 2010 Social Security Cases

| Date Filed | Case No./Judge | Case Title | Disposition | Disp. Date | Attorneys' Fees/Costs |
|---|---|---|---|---|---|
| 11/05/07 02/24/10 | 07-CV-0983-CNC | Bell v. Astrue | Affirmed | 04/21/11 | N/A |
| 06/15/06 04/12/10 | 06-CV-0697-RTR | Bauer v. Astrue | Remanded by the Seventh Circuit | 04/26/10 | $30,746.7/$412.08 |
| 12/03/07 10/14/10 | 07-CV-1079-JPS | D R v. Astrue | Dismissed on Government's Motion | 04/21/11 | IFP/Pro se |
| 01/14/10 | 10-CV-0037-RTR | Clark v. Astrue | Reversed/Remanded | 10/27/10 | $5,700.00/IFP |
| 01/21/10 | 10-CV-0053-LA | Nobel v. Astrue | Dismissed | 08/04/10 | IFP/Pro se |
| 07/19/10 | 10-CV-0602-RTR | Burdick v. Astrue | Reversed/Remanded | 01/31/11 | $7,250.25/IFP |
| 02/02/10 | 10-CV-0088-RTR | Bates v. Astrue | Affirmed | 07/21/10 | N/A |
| 02/03/10 | 10-CV-0092-WCG | Borland v. Astrue | Reversed/Remanded | 12/17/10 | $6,000.00/$463.91 |
| 02/10/10 | 10-CV-0119-LA | Hadley v. Astrue | Affirmed | 08/26/10 | N/A |
| 03/03/10 | 10-CV-0175-WCG | Su Nemun v. Astrue | Remanded | 03/24/11 | $8,066.48/IFP |
| 03/12/10 | 10-CV-0212-WEC | McLaughlin v. Astrue | Reversed/Remanded | 02/09/11 | $8,744.29/IFP |
| 03/13/10 | 10-CV-0213-WEC | Anderson v. Astrue | Remanded on Parties' Joint Motion | 09/16/10 | $5,440.00/IFP |
| 03/22/10 | 10-CV-0240-LA | Wiersma v. Astrue | Reversed/Remanded | 12/08/10 | $7,242.00/$350.00 |
| 03/24/10 | 10-CV-0246-WEC | Kott v. Astrue | Affirmed | 03/07/11 | N/A |
| 03/24/10 | 10-CV-0248-RTR | Bufford v. Astrue | Reversed/Remanded | 11/17/10 | $7,500.00/IFP |
| 03/30/10 | 10-CV-0272-JPS | Earl v. Astrue | Vacated/Remanded | 03/17/11 | $6,514.32/IFP |
| 04/07/10 | 10-CV-0290-CNC | Costello v. Astrue | Remanded on Parties' Joint Motion | 10/04/10 | $4,781.88/IFP |
| 04/20/10 | 10-CV-0338-JPS | Blanchard v. Astrue | Vacated/Remanded | 03/07/11 | $7,167.66/IFP |
| 04/23/10 | 10-CV-0353-LA | Nash v. Astrue | Reversed/Remanded | 01/20/11 | $8,488.00/IFP |
| 04/27/10 | 10-CV-0360-RTR | Lowe v. Astrue | Reversed/Remanded | 11/19/10 | $6,200.00/IFP |
| 04/28/10 | 10-CV-0365-LA | McGee v. Astrue | Reversed/Remanded | 01/27/11 | $6,406.00/IFP |
| 04/30/10 | 10-CV-0376-RTR | Frischmann v. Astrue | Remanded on Parties' Joint Motion | 10/12/10 | $5,150.00/IFP |
| 05/03/10 | 10-CV-0380-AEG | Trossen v. Astrue | Reversed/Remanded | 12/06/10 | $5,865.00/$350.00 |
| 05/14/10 | 10-CV-0420-CNC | Drake v. Astrue | Reversed/Remanded | 09/15/11 | $7,200.00/IFP |
| 05/19/10 | 10-CV-0431-LA | Graham v. Astrue | Remanded on Parties' Joint Motion | 12/23/10 | $4,259.05/IFP |
| 05/24/10 | 10-CV-0450-WEC | Tritz v. Astrue | Reversed/Remanded | 08/24/11 | $6,629.00/$350.00 |
| 05/25/10 | 10-CV-0451-LA | Sherrod v. Astrue | Affirmed | 01/25/11 | N/A |
| 05/26/10 | 10-CV-0454-WCG | Varga v. Astrue | Reversed/Remanded | 02/02/11 | $7,975.71/$350.00 |
| 05/27/10 | 10-CV-0457-WCG | Matzke v. Astrue | Remanded | 09/07/11 | None |
| 05/27/10 | 10-CV-0458-LA | Turner v. Astrue | Remanded on Parties' Joint Motion | 01/05/11 | $4,503.66/IFP |
| 05/28/10 | 10-CV-0461-WEC | McNeil v. Astrue | Remanded on Parties' Joint Motion | 11/18/10 | $4,400.00/IFP |
| 06/08/10 | 10-CV-0478-AEG | Terlecki v. Astrue | Affirmed | 12/20/10 | N/A |
| 06/08/10 | 10-CV-0480-PJG | Cherry v. Astrue | Dismissed | 11/10/10 | IFP/Pro se |
| 06/08/10 | 10-CV-0481-PJG | Colister v. Astrue | Remanded | 03/30/12 | $7,000.00/IFP |
| 06/16/10 | 10-CV-0506-WEC | Bilello v. Astrue | Dismissed on Government's Motion | 07/08/11 | IFP/Pro se |
| 06/16/10 | 10-CV-0507-AEG | Steffen v. Astrue | Reversed/Remanded | 04/26/11 | $1,904.76 |

| 06/17/10 | 10-CV-0509-LA | Strating v. Astrue | Remanded on Parties' Joint Motion | 12/20/10 | $6,885.25/$350.00 |
|---|---|---|---|---|---|
| 06/22/10 | 10-CV-0518-WEC | Maki v. Astrue | Affirmed | 09/12/11 | N/A |
| 06/25/10 | 10-CV-0527-PJG | S v. Astrue | Remanded on Parties' Joint Motion | 04/06/11 | $4,507.48/$100.71 |
| 07/02/10 | 10-CV-0547-PJG | Burr v. Astrue | Affirmed | 08/15/11 | N/A |
| 07/02/10 | 10-CV-0548-AEG | Dulmes v. Astrue | Reversed/Remanded | 05/04/11 | None |
| 07/07/10 | 10-CV-0559-RTR | Ney v. Astrue | Reversed/Remanded | 01/28/11 | $7,500.00/IFP |
| 07/08/10 | 10-CV-0565-WEC | Schmidt v. Astrue | Affirmed | 09/20/11 | N/A |
| 07/13/10 | 10-CV-0582-LA | S v. Astrue | Reversed/Remanded | 03/18/11 | $7,000.00/IFP |
| 07/14/10 | 10-CV-0589-AEG | Cook v. Astrue | Remanded on Parties' Joint Motion | 12/30/10 | $3,091.48/$350.00 |
| 07/14/10 | 10-CV-0592-RTR | Knight v. Astrue | Affirmed | 06/07/11 | N/A |
| 07/15/10 | 10-CV-0595-JPS | Loubriel v. Astrue | Remanded on Parties' Joint Motion | 03/18/11 | $3,917.25/IFP |
| 07/16/10 | 10-CV-0599-JPS | Tohl v. Astrue | Vacated/Remanded | 09/01/11 | $6,918.25/$366.62 |
| 07/19/10 | 10-CV-0603-JPS | Kirkeeng v. Astrue | Remanded on Parties' Joint Motion | 01/11/11 | $18,734.97/$350.00 |
| 07/22/10 | 10-CV-0619-AEG | Cueller v. Astrue | Reversed/Remanded | 05/05/11 | $1,684.98 |
| 07/26/10 | 10-CV-0632-JPS | Nelson v. Astrue | Remanded on Parties' Joint Motion | 12/08/10 | None |
| 07/26/10 | 10-CV-0635-RTR | Jones v. Astrue | Remanded on Government's Motion | 11/29/11 | $5,000.00/$383.17 |
| 08/03/10 | 10-CV-0659-WEC | Mandella v. Astrue | Reversed/Remanded | 10/17/11 | $3,850.00/IFP |
| 08/06/10 | 10-CV-0671-LA | Kastner v. Astrue | Remanded on Parties' Joint Motion | 01/06/11 | $4,500.00/IFP |
| 08/10/10 | 10-CV-0679-LA | Schill v. Astrue | Remanded on Parties' Joint Motion | 02/22/11 | $5,189.08/IFP |
| 08/10/10 | 10-CV-0680-RTR | Meeks v. Astrue | Reversed/Remanded | 05/11/11 | $7,416.97/IFP |
| 08/11/10 | 10-CV-0682-LA | Balde v. Astrue | Affirmed | 08/04/11 | N/A |
| 08/12/10 | 10-CV-0684-LA | Hanson v. Astrue | Affirmed | 04/09/11 | N/A |
| 08/18/10 | 10-CV-0712-CNC | Gray v. Astrue | Affirmed | 08/10/12 | N/A |
| 08/24/10 | 10-CV-0719-RTR | Prescott v. Astrue | Affirmed | 05/10/11 | N/A |
| 08/23/10 | 10-CV-0722-PJG | Potter v. Astrue | Dismissed | 02/16/11 | IFP/Pro se |
| 08/26/10 | 10-CV-0732-WCG | Sweetalla v. Astrue | Remanded on Parties' Joint Motion | 01/21/11 | $5,078.09/IFP |
| 08/26/10 | 10-CV-0733-JPS | Brown v. Astrue | Remanded on Parties' Joint Motion | 02/23/11 | $3,100.00/IFP |
| 09/01/10 | 10-CV-0754-RTR | Scott v. Astrue | Reversed/Remanded | 05/13/11 | $8,555.08/IFP |
| 09/10/10 | 10-CV-0780-JPS | Washington v. Astrue | Remanded on Parties' Joint Motion | 02/04/11 | $4,553.78/IFP |
| 09/17/10 | 10-CV-0806-WCG | Haferbecker v. Astrue | Affirmed | 07/05/11 | N/A |
| 09/26/10 | 10-CV-0838-CNC | Cameron v. Astrue | Remanded on Parties' Joint Motion | 01/31/12 | $6,845.50/IFP |
| 09/27/10 | 10-CV-0839-RTR | Nelson v. Astrue | Remanded on Parties' Joint Motion | 03/02/11 | $4,787.91/IFP |
| 09/28/10 | 10-CV-0846-PJG | Toles v. Astrue | Remanded on Parties' Joint Motion | 04/01/11 | $5,994.94/$350.00 |
| 09/30/10 | 10-CV-0856-CNC | Bronnson v. Astrue | Reversed/Remanded | 08/24/12 | $7,733.88/$366.62 |
| 10/01/10 | 10-CV-0858-WCG | Schultz v. Astrue | Reversed/Remanded | 10/12/11 | None |
| 10/15/10 | 10-CV-0920-JPS | Exum v. Astrue | Affirmed | 11/28/11 | N/A |
| 10/19/10 | 10-CV-0939-JPS | Coppersmith v. Astrue | Vacated/Remanded | 12/16/11 | None |
| 10/19/10 | 10-CV-0940-CNC | Mathes v. Astrue | Reversed/Remanded | 03/31/12 | None |
| 10/26/10 | 10-CV-0957-WEC | Roberts v. Astrue | Reversed/Remanded | 03/30/12 | IFP/Pro se |
| 10/27/10 | 10-CV-0965-WEC | Smith v. Astrue | Reversed/Remanded | 12/20/11 | $1,200.00 |

| 10/31/10 | 10-CV-0973-AEG | Lucas v. Astrue | Affirmed | 05/09/11 | N/A |
|---|---|---|---|---|---|
| 11/10/10 | 10-CV-1001-WCG | Follett v. Astrue | Remanded | 03/28/12 | $7,057.25/$350.00 |
| 11/10/10 | 10-CV-1002-LA | Koepp v. Astrue | Reversed/Remanded | 07/22/11 | None |
| 11/15/10 | 10-CV-1018-RTR | Stachura v. Astrue | Reversed/Remanded | 06/09/11 | IFP/Pro se |
| 11/15/10 | 10-CV-1020-CNC | Nettesheim v. Astrue | Remanded on Parties' Joint Motion | 08/14/12 | $8,918.50/IFP (Motion Pending) |
| 11/16/10 | 10-CV-1021-WEC | Ford v. Astrue | Reversed/Remanded | 07/05/12 | $4,100.00/IFP |
| 11/17/10 | 10-CV-1027-LA | Cox v. Astrue | Reversed/Remanded | 08/12/11 | $5,604.84/IFP |
| 11/18/10 | 10-CV-1028-AEG | Staffaroni v. Astrue | Affirmed | 07/28/11 | N/A |
| 11/23/10 | 10-CV-1050-AEG | Laabs v. Astrue | Reversed/Remanded | 05/25/11 | $6,788.05/IFP |
| 11/24/10 | 10-CV-1056-WCG | Reinke v. Astrue | Affirmed | 01/20/12 | N/A |
| 11/24/10 | 10-CV-1059-LA | Minett v. Astrue | Dismissed on Parties' Joint Motion | 04/06/11 | None |
| 11/27/10 | 10-CV-1067-WCG | Retlick v. Astrue | Reversed/Remanded | 03/27/12 | $7,921.75/$350.00 |
| 12/06/10 | 10-CV-1093-PJG | Parker v. Astrue | Remanded on Parties' Joint Motion | 06/02/11 | None |
| 12/10/10 | 10-CV-1116-WEC | Stewart v. Astrue | Reversed/Remanded | 01/30/12 | $7,631.94/IFP |
| 12/10/10 | 10-CV-1119-WCG | Meiers-Petersen v. Astrue | Reversed/Remanded | 03/30/12 | $8,400.00/$350.00 |
| 12/13/10 | 10-CV-1122-WEC | Johnstone v. Astrue | Reversed/Remanded | 01/23/12 | $5,634.00/IFP |
| 12/17/10 | 10-CV-1138-WEC | Rodriguez v. Astrue | Affirmed | 02/21/12 | N/A |
| 12/20/10 | 10-CV-1143-WEC | Tucker v. Astrue | Affirmed | 08/06/12 | N/A |
| 12/20/10 | 10-CV-1145-LA | Pfund v. Astrue | Affirmed | 08/26/11 | N/A |
| 12/22/10 | 10-CV-1152-LA | Hoffman v. Astrue | Reversed/Remanded | 07/27/11 | $6,347.01/IFP |
| 12/22/10 | 10-CV-1154-JPS | Harris v. Astrue | Affirmed | 09/29/11 | N/A |
| 12/29/10 | 10-CV-1170-JPS | Willis v. Astrue | Vacated/Remanded | 01/25/12 | $5,000.00/IFP |
| 12/30/10 | 10-CV-1181-WCG | Versteegh v. Astrue | Remanded on Parties' Joint Motion | 06/23/11 | $4,214.00/IFP |

# 2011 Social Security Cases

| Date Filed | Case No./Judge | Case Title | Disposition | Disp. Date | Attorneys' Fees/Costs |
|---|---|---|---|---|---|
| 01/28/11 | 11-CV-0119-CNC | Smith v. Astrue | Voluntarily Dismissed | 02/09/11 | N/A |
| 01/01/11 | 11-CV-0001-RTR | Petrillo v. Astrue | Remanded on Parties' Joint Motion | 04/14/11 | $1,050.00/IFP |
| 01/05/11 | 11-CV-0008-RTR | Modjewski v. Astrue | Reversed/Remanded | 10/12/11 | $6,700.00/IFP |
| 01/06/11 03/14/11 | 11-CV-0012-JPS | Johnson v. Astrue | Vacated/Remanded | 11/08/11 | $5,612.74/IFP |
| 01/11/11 | 11-CV-0026-JPS | Hartman v. Astrue | Vacated/Remanded | 03/07/12 | $5,750.00/$350.00 |
| 01/12/11 | 11-CV-0029-JPS | Rockwell v. Astrue | Vacated/Remanded | 01/06/12 | None |
| 01/12/11 | 11-CV-0031-LA | Rogers v. Astrue | Remanded on Parties' Joint Motion | 06/29/11 | $5,070.00/IFP |
| 01/25/11 | 11-CV-0081-WEC | McAlister v. Astrue | Reversed/Remanded | 08/27/12 | $2,400.00 |
| 02/03/11 | 11-CV-0128-RTR | Majerus v. Astrue | Reversed/Remanded | 08/18/11 | $3,415.50/IFP |
| 02/03/11 | 11-CV-0129-RTR | Conrardy v. Astrue | Affirmed | 08/17/11 | N/A |
| 02/04/11 | 11-CV-0139-WCG | Aulik v. Astrue | Remanded on Parties' Joint Motion | 09/01/11 | $4,616.62/$350.00 |
| 02/07/11 | 11-CV-0149-LA | Berry v. Astrue | Remanded on Parties' Joint Motion | 07/21/11 | $4,620.00/$366.62 |
| 02/08/11 | 11-CV-0152-LA | Roth v. Astrue | Remanded | 09/26/11 | None |
| 02/09/11 | 11-CV-0157-RTR | Allen v. Astrue | Reversed/Remanded | 10/13/11 | $7,900.00/IFP |
| 02/14/11 | 11-CV-0165-NJ | Martinez v. Astrue | Reversed/Remanded | 02/03/12 | $1,500.00 |
| 02/14/11 | 11-CV-0168-WCG | Everard v. Astrue | Remanded on Parties' Joint Motion | 08/01/11 | $3,552.50/$366.62 |
| 02/17/11 | 11-CV-0180-WCG | Rodriguez v. Astrue | Remanded on Parties' Joint Motion | 09/15/11 | $5,000.00/IFP |
| 02/22/11 | 11-CV-0196-RTR | Schrank v. Astrue | Reversed/Remanded | 08/29/11 | None |
| 02/25/11 | 11-CV-0212-LA | Hayes v. Astrue | Reversed/Remanded | 09/14/11 | $7,450.00/IFP |
| 03/01/11 | 11-CV-0224-WEC | Mrstik v. Astrue | Reversed/Remanded | 03/26/12 | $7,700.00/$350.00 |
| 03/03/11 | 11-CV-0231-LA | Hanke v. Astrue | Reversed/Remanded | 10/24/11 | $6,200.00/$533.54 |
| 03/02/11 | 11-CV-0235-JPS | Allen v. Astrue | Vacated/Remanded | 02/23/12 | $6,683.38/IFP |
| 03/04/11 | 11-CV-0243-PJG | Kiefer v. Astrue | Affirmed | 03/27/12 | N/A |
| 03/09/11 | 11-CV-0248-CNC | Smith v. Astrue | Reversed/Remanded | 08/07/12 | $4,900.00/$27.27 |
| 03/10/11 | 11-CV-0253-RTR | Van Atta v. Astrue | Reversed/Remanded | 11/16/11 | $5,400.00/$350.00 |
| 03/15/11 | 11-CV-0263-WCG | Roberts v. Astrue | Remanded on Parties' Joint Motion | 08/16/11 | $1,000.00/$366.62 |
| 03/17/11 | 11-CV-0271-RTR | Fuentes v. Astrue | Reversed/Remanded | 06/25/12 | $7,144.61/IFP |
| 03/18/11 | 11-CV-0275-JPS | Westbrook v. Astrue | Vacated/Remanded | 03/13/12 | $7,493.31/IFP |
| 03/18/11 | 11-CV-0276-WCG | McCartney v. Astrue | Reversed/Remanded | 05/29/12 | $8,528.75/IFP |
| 03/21/11 | 11-CV-0282-NJ | Hefter v. Astrue | Affirmed | 09/30/12 | N/A |
| 03/23/11 | 11-CV-0289-WEC | Houston v. Astrue | Remanded on Parties' Joint Motion | 10/03/11 | $4,480.00/IFP |
| 03/28/11 | 11-CV-0306-JPS | Rowe v. Astrue | Vacated/Remanded | 02/10/12 | $4,300.00/IFP |
| 03/29/11 | 11-CV-0307-JPS | Young v. Astrue | Vacated/Remanded | 04/30/12 | $4,900.00/$350.00 |
| 03/31/11 | 11-CV-0317-WCG | Lockwood v. Commissioner Social Security Administration | Remanded | 08/01/12 | $7,500.00/IFP |
| 04/05/11 | 11-CV-0327-WEC | Clayhiggs v. Astrue | Remanded on Parties' Joint Motion | 11/08/11 | $4,771.25/IFP |
| 04/05/11 | 11-CV-0328-NJ | Shavlik v. Astrue | Affirmed | 01/20/12 | N/A |
| 04/09/11 | 11-CV-0338-JPS | Perez v. Astrue | Vacated/Remanded | 04/25/12 | $6,714.80/IFP |

| 04/18/11 | 11-CV-0368-CNC | Caraballo v. Astrue | Reversed/Remanded | 08/21/12 | $3,776.12/IFP |
| 04/26/11 | 11-CV-0399-WCG | Francart v. Astrue | Affirmed | 07/25/12 | N/A |
| 04/27/11 | 11-CV-0403-RTR | Mata v. Astrue | Voluntarily Dismissed | 08/17/11 | N/A |
| 04/27/11 | 11-CV-0404-NJ | Patterson v. Astrue | Affirmed | 09/11/12 | N/A |
| 04/28/11 | 11-CV-0410-WEC | Goetsch v. Astrue | Reversed/Remanded | 06/28/12 | $4,750.00/$350.00 |
| 04/29/11 | 11-CV-0415-JPS | Woods v. Astrue | Affirmed | 04/30/12 | N/A |
| 05/02/11 | 11-CV-0420-WEC | Thibaudeau v. Astrue | Reversed/Remanded | 08/13/12 | $7,200.00/IFP |
| 05/09/11 | 11-CV-0442-CNC | Lunsford v. Astrue | Reversed/Remanded | 09/21/12 | Motion Pending |
| 05/12/11 | 11-CV-0452-CNC | Wieland v. Astrue | Reversed/Remanded | 09/21/12 | $7,500.00/IFP |
| 05/17/11 | 11-CV-0471-PJG | Towle v. Astrue | Affirmed | 10/22/12 | N/A |
| 05/20/11 | 11-CV-0487-RTR | Bunting v. Astrue | Reversed/Remanded | 02/08/12 | $10,740.13/IFP |
| 05/20/11 | 11-CV-0488-LA | Smith v. Astrue | Remanded on Parties' Joint Motion | 12/15/11 | $5,700.00/IFP |
| 05/21/11 | 11-CV-0494-CNC | Beckard v. Astrue | Remanded on Government's Motion | 09/16/11 | None |
| 05/24/11 | 11-CV-0495-CNC | Tennant v. Astrue | Reversed/Remanded | 09/28/12 | IFP/Pro se |
| 05/24/11 | 11-CV-0498-WEC | Paavilainen v. Astrue | Remanded on Government's Motion | 07/26/11 | None |
| 05/28/11 | 11-CV-0513-PJG | Kramer v. Astrue | Remanded | 09/28/12 | $7,500.00/IFP |
| 06/02/11 | 11-CV-0530-NJ | Valero v. Astrue | Affirmed | 09/30/12 | N/A |
| 06/02/11 | 11-CV-0532-PJG | Kronberg v. Astrue | Remanded on Parties' Joint Motion | 03/13/12 | $5,200.00/IFP |
| 06/08/11 | 11-CV-0552-NJ | Anzalone v. Astrue | Remanded on Parties' Joint Motion | 01/06/12 | $5,200.00/$350.00 |
| 06/20/11 | 11-CV-0591-NJ | Felske v. Astrue | Reversed/Remanded | 06/01/12 | $8,300.00/IFP |
| 06/27/11 | 11-CV-0622-RTR | Crooms v. Astrue | Dismissed on Government's Motion | 09/19/11 | IFP/Pro se |
| 06/28/11 | 11-CV-0627-PJG | Orozco v. Astrue | Remanded on Parties' Joint Motion | 02/22/12 | $5,480.75/$350.00 |
| 07/01/11 | 11-CV-0639-CNC | Wynn v. Astrue | Reversed/Remanded | 09/28/12 | $6,300.00/$350.00 |
| 07/01/11 | 11-CV-0640-NJ | Spears v. Astrue | Remanded on Government's Motion | 02/28/12 | $4,000.00/IFP |
| 07/06/11 | 11-CV-0649-WCG | McAuley v. Astrue | Remanded | 09/25/12 | $7,500.00/IFP |
| 07/08/11 | 11-CV-0656-PJG | Diaz v. Astrue | Remanded | 10/16/12 | $4,900.00/IFP |
| 07/11/11 | 11-CV-0659-CNC | Ivy v. Astrue | Remanded on Parties' Joint Motion | 05/31/12 | $5,850.00/IFP |
| 07/18/11 | 11-CV-0687-WEC | Lehman v. Astrue | Reversed/Remanded | 08/30/12 | $6,411.81/IFP |
| 07/20/11 | 11-CV-0692-JPS | Nolan v. Astrue | Vacated/Remanded | 04/23/12 | $5,500.00/$350.00 |
| 08/01/11 | 11-CV-0729-WEC | Khur v. Astrue | Reversed/Remanded | 09/27/12 | $8,331.22/$362.60 |
| 08/04/11 | 11-CV-0739-LA | Hildebrandt v. Astrue | Reversed/Remanded | 05/03/12 | $5,300.00/IFP |
| 08/05/11 | 11-CV-0741-WCG | Farr v. Astrue | Remanded | 09/25/12 | None |
| 08/08/11 | 11-CV-0745-CNC | Branch v. Astrue | Reversed/Remanded | 09/27/12 | $6,700.00/IFP |
| 08/08/11 | 11-CV-0746-NJ | Manske v. Astrue | Remanded on Government's Motion | 09/19/11 | None |
| 08/09/11 | 11-CV-0749-LA | Lindsley v. Astrue | Remanded on Parties' Joint Motion | 05/03/12 | None |
| 08/10/11 | 11-CV-0756-LA | Witek v. Astrue | Remanded on Parties' Joint Motion | 01/16/12 | $5,609.00/IFP |
| 08/14/11 | 11-CV-0767-RTR | Van Dyke v. Astrue | Remanded on Parties' Joint Motion | 04/18/12 | $5,740.00/IFP |
| 08/16/11 | 11-CV-0771-WEC | Minske v. Astrue | Remanded on Government's Motion | 12/07/11 | IFP/Pro se |
| 08/16/11 | 11-CV-0773-JPS | Roso v. Astrue | Vacated/Remanded | 04/11/12 | $9,500.00/IFP |
| 08/18/11 | 11-CV-0783-JPS | Henderson v. Astrue | Remanded on Parties' Joint Motion | 02/27/12 | $5,500.00/IFP |

| 08/30/11 | 11-CV-0820-PJG | Miller v. Astrue | Remanded | 08/22/12 | $7,035.75/IFP |
|---|---|---|---|---|---|
| 08/31/11 | 11-CV-0832-WCG | DeGoey v. Astrue | Reversed/Remanded | 06/13/12 | $4,500.00/$350.00 |
| 09/01/11 | 11-CV-0833-RTR | Williams v. Astrue | Reversed/Remanded | 06/27/12 | $6,358.08/IFP |
| 09/02/11 | 11-CV-0841-NJ | Bruce v. Astrue | Remanded on   Parties' Joint Motion | 04/13/12 | $4,500.00/IFP |
| 09/06/11 | 11-CV-0843-LA | Nealy v. Social Security Administration | Voluntarily Dismissed | 01/24/12 | N/A |
| 09/11/11 | 11-CV-0854-CNC | McDowell v. Astrue | Remanded on Parties' Joint Motion | 03/19/12 | $5,400.00/IFP |
| 09/11/11 | 11-CV-0856-PJG | Fermaint v. Astrue | Remanded on Parties' Joint Motion | 03/15/12 | $6,314.38/IFP |
| 09/16/11 | 11-CV-0876-PJG | Stapleton v. Astrue | Reversed/Remanded | 09/11/12 | None |
| 09/19/11 | 11-CV-0877-LA | Schomer v. Astrue, et. al. | Remanded on Parties' Joint Motion | 04/10/12 | $3,100.00/IFP |
| 09/21/11 | 11-CV-0887-LA | Washington v. Astrue | Remanded on Parties' Joint Motion | 03/08/12 | $5,513.41/IFP |
| 09/23/11 | 11-CV-0896-LA | Ramsey v. Astrue | Dismissed | 06/07/12 | IFP/Pro se |
| 09/26/11 | 11-CV-0900-RTR | Ash v. Astrue | Reversed/Remanded | 12/10/12 | None |
| 10/04/11 | 11-CV-0927-JPS | Kazee v. Astrue | Vacated/Remanded | 05/10/12 | $7,034.00/IFP |
| 10/11/11 | 11-CV-0946-CNC | Neuman v. Astrue | Remanded on Parties' Stipulation | 07/12/12 | $5,824.31/IFP |
| 10/11/11 | 11-CV-0951-RTR | Devera v. Astrue | Reversed/Remanded | 06/29/12 | $4,565.48/$350.00 |
| 10/12/11 | 11-CV-0955-LA | Phippen v. Astrue | Affirmed | 05/11/12 | N/A |
| 10/17/11 | 11-CV-0966-LA | Rivera v. Astrue | Reversed/Remanded | 08/01/12 | $7,500.00/IFP |
| 10/17/11 | 11-CV-0970-WCG | Tapia v. Astrue | Remanded | 07/31/12 | $5,000.00/IFP |
| 10/18/11 | 11-CV-0971-WEC | Roberts v. Social Security Administration | Reversed/Remanded | 12/17/12 | Pro se |
| 10/24/11 | 11-CV-0992-RTR | Harvester v. Astrue | Reversed/Remanded | 07/05/12 | $7,740.00/IFP |
| 10/24/11 | 11-CV-0994-PJG | Faul v. Astrue | Pending | | |
| 10/25/11 | 11-CV-1001-PJG | Pfennig v. Astrue | Pending | | |
| 10/31/11 | 11-CV-1012-WCG | Martin v. Astrue | Remanded on Parties' Joint Motion | 05/22/12 | $4,000.00/IFP |
| 10/31/11 | 11-CV-1015-LA | Mason v. Astrue | Reversed/Remanded | 05/25/12 | $6,300.00/$350.00 |
| 11/10/11 | 11-CV-1035-JPS | Andujal v. Astrue | Remanded on Parties' Joint Motion | 06/28/12 | $5,918.13/$350.00 |
| 11/10/11 | 11-CV-1037-NJ | Sutter v. Astrue | Reversed/Remanded | 09/12/12 | $5,800.00 |
| 11/15/11 | 11-CV-1048-WEC | Cadogan v. Astrue | Reversed/Remanded | 10/12/12 | $4,000.00/$350.00 |
| 11/17/11 | 11-CV-1063-LA | Cain-Wesa v. Astrue | Affirmed | 06/13/12 | N/A |
| 11/25/11 | 11-CV-1083-WCG | Warner v. Astrue | Remanded | 01/18/13 | None |
| 11/28/11 | 11-CV-1087-RTR | Cerpa v. Astrue | Reversed/Remanded | 07/05/12 | $9,743.75/IFP |
| 12/05/11 | 11-CV-1104-NJ | Mydlowski v. Astrue | Remanded on Parties' Joint Motion | 05/10/12 | $2,926.50/IFP |
| 12/07/11 | 11-CV-1110-PJG | Jubelirer v. Astrue | Remanded on Parties' Joint Motion | 06/04/12 | $3,467.50 |
| 12/12/11 | 11-CV-1125-CNC | Pickett v. Social Security Office | Dismissed on Government's Motion | 04/25/12 | IFP/Pro se |
| 12/16/11 | 11-CV-1141-RTR | Zainer v. Astrue | Remanded | 01/23/13 | None |
| 12/19/11 | 11-CV-1143-NJ | Alfano v. Astrue | Voluntarily Dismissed | 04/06/12 | N/A |
| 12/20/11 | 11-CV-1147-PJG | Klasen v. Astrue | Pending | | |
| 12/20/11 | 11-CV-1151-RTR | Mcintire v. Astrue | Reversed/Remanded | 07/10/12 | $6,775.00/$350.00 |
| 12/23/11 | 11-CV-1162-JPS | Van Epps v. Astrue | Vacated/Remanded | 01/14/13 | None |
| 12/23/11 | 11-CV-1165-NJ | Rodriguez v. Social Security Administration | Pending | | |
| 12/27/11 | 11-CV-1169-LA | Rhodes v. Astrue | Remanded on Parties' Joint Motion | 06/08/12 | $4,398.25/IFP |

| 12/29/11 | 11-CV-1176-RTR | Koch v. Astrue | Reversed/Remanded | 07/12/12 | $7,444.75/IFP |
|----------|----------------|----------------|-------------------|----------|---------------|
| 12/29/11 | 11-CV-1177-CNC | Johnson v. Astrue | Pending | | |
| 12/30/11 | 11-CV-1179-WCG | Menge v. Astrue | Remanded on Parties' Joint Motion | 07/12/12 | $4,500.00/IFP |
| 12/30/11 | 11-CV-1181-NJ | Long v. Commissioner of Social Security | Pending | | |

# 2012 Social Security Cases

| Date Filed | Case No./Judge | Case Title | Disposition | Disp. Date | Attorneys' Fees/Costs |
|---|---|---|---|---|---|
| 11/15/07 05/18/12 | 07-CV-1016-JPS | McCollum v. Astrue | Vacated/Remanded | 10/05/12 | $11,000.00/IFP |
| 05/05/08 03/23/12 | 08-CV-0386-CNC | Chase v. Astrue | Remanded by the Seventh Circuit | 03/31/12 | Motion Pending |
| 01/13/12 | 12-CV-0046-LA | Hunt v. Astrue | Reversed/Remanded | 08/31/12 | $4,514.25/$350.00 |
| 01/20/12 | 12-CV-0055-JPS | Hilkert v. Astrue | Affirmed | 01/14/13 | N/A |
| 01/20/12 | 12-CV-0056-RTR | Mareno v. Astrue | Remanded on Government's Motion | 10/04/12 | $3,564.28/$350.00 |
| 01/20/12 | 12-CV-0057-WCG | Jorgensen v. Astrue | Remanded on Parties' Joint Motion | 04/04/12 | None |
| 01/26/12 | 12-CV-0080-WCG | Gerow v. Astrue | Affirmed | 01/17/13 | N/A |
| 01/27/12 | 12-CV-0087-NJ | York v. Astrue | Remanded on Government's Motion | 05/09/12 | None |
| 01/27/12 | 12-CV-0089-PJG | Parker v. Astrue | Pending | | |
| 02/01/12 | 12-CV-0108-WCG | Pelnar v. Astrue | Remanded on Parties' Joint Motion | 07/12/12 | $3,609.16/IFP |
| 02/02/12 | 12-CV-0113-LA | Christiansen v. Astrue | Remanded on Parties' Joint Motion | 07/02/12 | $5,415.00/IFP |
| 02/03/12 | 12-CV-0114-JPS | Freismuth v. Astrue | Remanded | 01/31/13 | |
| 02/06/12 | 12-CV-0124-RTR | Gaber v. Astrue | Reversed/Remanded | 12/04/12 | None |
| 02/07/12 | 12-CV-0132-WEC | Lauer v. Astrue | Affirmed | 01/11/13 | N/A |
| 02/09/12 | 12-CV-0139-RTR | Crittenden v. Astrue | Remanded on Parties' Joint Motion | 07/30/12 | $6,053.75/IFP |
| 02/14/12 | 12-CV-0155-CNC | Bufford v. Astrue | Remanded on Parties' Joint Motion | 11/30/12 | $7,500.00/IFP |
| 02/15/12 | 12-CV-0157-WCG | Niemi v. Astrue | Pending | | |
| 02/16/12 | 12-CV-0163-LA | Kidder v. Astrue | Remanded on Parties' Joint Motion | 08/13/12 | $7,500.00/$377.00 |
| 02/16/12 | 12-CV-0166-WCG | Jorgenson v. Astrue | Remanded | 01/23/13 | None |
| 02/27/12 | 12-CV-0201-WEC | Black v. Astrue | Affirmed | 01/30/13 | N/A |
| 03/16/12 | 12-CV-0256-PJG | Ross v. Astrue | Pending | | |
| 03/27/12 | 12-CV-0301-WCG | Saunders v. Astrue | Remanded on Parties' Joint Motion | 08/30/12 | $4,200.00/IFP |
| 03/29/12 | 12-CV-0312-RTR | Lindsey v. Astrue | Reversed/Remanded | 12/04/12 | None |
| 03/29/12 | 12-CV-0313-JPS | Wudtke v. Astrue | Remanded on Parties' Joint Motion | 11/09/12 | $5,566.25/IFP |
| 04/04/12 | 12-CV-0326-WCG | Senn v. Astrue | Pending | | |
| 04/09/12 | 12-CV-0340-WEC | Schiller v. Astrue | Pending | | |
| 04/13/12 | 12-CV-0353-PJG | Troop v. Astrue | Pending | | |
| 04/18/12 | 12-CV-0367-WCG | Ford v. Astrue | Pending | | |
| 04/23/12 | 12-CV-0374-WCG | Freeland v. Astrue | Remanded on Parties' Joint Motion | 12/06/12 | $6,650.00/$350.00 |
| 04/24/12 | 12-CV-0375-JPS | Gayfield v. Astrue | Vacated/Remanded | 11/09/12 | None |
| 04/25/12 | 12-CV-0382-LA | McGee v. Astrue | Remanded on Parties' Joint Motion | 09/28/12 | $5,274.25/IFP |
| 04/30/12 | 12-CV-0391-JPS | Peterson v. Astrue | Remanded on Parties' Joint Motion | 11/27/12 | $350.00 (Costs Only) |
| 04/30/12 | 12-CV-0395-CNC | Pinson v. Astrue | Pending | | |
| 05/01/12 | 12-CV-0400-JPS | Scott v. Astrue | Pending | | |
| 05/01/12 | 12-CV-0406-WEC | Laux v. Astrue | Pending | | |
| 05/07/12 | 12-CV-0451-WCG | Barbeau v. Astrue | Pending | | |
| 05/09/12 | 12-CV-0464-JPS | Fulfer v. Astrue | Vacated/Remanded | 11/09/12 | Motion Pending |

| 05/14/12 | 12-CV-0478-RTR | Morrison v. Astrue | Remanded on Parties' Joint Motion | 12/20/12 | Motion Pending |
|---|---|---|---|---|---|
| 05/17/12 | 12-CV-0492-JPS | Sherod v. Astrue | Pending | | |
| 05/17/12 | 12-CV-0493-RTR | Weston v. Astrue | Remanded on Parties' Joint Motion | 10/04/12 | $5,200.00/IFP |
| 05/17/12 | 12-CV-0498-PJG | Burdick v. Astrue | Remanded on Parties' Joint Motion | 12/18/12 | Motion Pending |
| 05/18/12 | 12-CV-0502-CNC | Seilheimer v. Astrue | Pending | | |
| 05/21/12 | 12-CV-0503-RTR | Frater v. Astrue | Remanded on Parties' Joint Motion | 01/02/13 | Motion Pending |
| 05/23/12 | 12-CV-0514-WEC | Van Handel v. Astrue | Pending | | |
| 05/24/12 | 12-CV-0527-WEC | Diggs v. Astrue | Pending | | |
| 05/25/12 | 12-CV-0535-CNC | Thompson v. Astrue | Pending | | |
| 05/25/12 | 12-CV-0538-CNC | Eason v. Astrue | Remanded on Parties' Joint Motion | 01/24/13 | None |
| 06/01/12 | 12-CV-0548-RTR | Clark v. Astrue | Remanded on Parties' Joint Motion | 01/29/13 | None |
| 06/03/12 | 12-CV-0551-JPS | Allen v. Astrue | Pending | | |
| 06/05/12 | 12-CV-0566-JPS | Pendzik v. Astrue | Pending | | |
| 06/05/12 | 12-CV-0568-JPS | Brown v. Astrue | Vacated/Remanded | 12/11/12 | None |
| 06/12/12 | 12-CV-0572-WEC | Ludwig v. Astrue | Pending | | |
| 06/08/12 | 12-CV-0581-WCG | Bernier v. Astrue | Remanded on Parties' Joint Motion | 09/18/12 | $3,181.14/IFP |
| 06/15/12 | 12-CV-0615-NJ | Buhk v. Astrue | Pending | | |
| 06/19/12 | 12-CV-0627-LA | Tenhove v. Astrue | Pending | | |
| 06/19/12 | 12-CV-0632-LA | Wolfgram v. Astrue | Affirmed | 01/18/13 | N/A |
| 06/20/12 | 12-CV-0639-JPS | Behrens v. Astrue | Pending | | |
| 06/22/12 | 12-CV-0646-RTR | Garin v. Commissioner Social Security Administration | Pending | | |
| 06/22/12 | 12-CV-0649-RTR | L v. Astrue | Pending | | |
| 06/25/12 | 12-CV-0653-RTR | Dunbar v. Astrue | Pending | | |
| 06/28/12 | 12-CV-0663-RTR | Payment v. Astrue | Pending | | |
| 06/29/12 | 12-CV-0671-NJ | Jezwinski v. Astrue | Pending | | |
| 07/03/12 | 12-CV-0681-JPS | Broughton v. Astrue | Pending | | |
| 07/05/12 | 12-CV-0682-JPS | Cintron v. Social Security Administration, et. al. | Dismissed on Government's Motion | 12/11/12 | IFP/Pro se |
| 07/05/12 | 12-CV-0685-LA | Dotson v. Commissioner of Social Security | Pending | | |
| 07/06/12 | 12-CV-0692-CNC | Beamon v. Social Security Administration | Dismissed on Government's Motion | 01/25/13 | IFP/Pro se |
| 07/10/12 | 12-CV-0701-NJ | Moss v. Astrue | Pending | | |
| 07/14/12 | 12-CV-0722-LA | Mott v. Astrue | Remanded on Parties' Joint Motion | 01/30/13 | None |
| 07/16/12 | 12-CV-0726-LA | Zoephel v. Astrue | Pending | | |
| 07/17/12 | 12-CV-0733-JPS | Arnold Simpson v. Astrue | Vacated/Remanded | 01/25/13 | None |
| 07/22/12 | 12-CV-0750-RTR | Klingbeil v. Astrue | Pending | | |
| 07/24/12 | 12-CV-0761-PJG | Lahmsen v. Astrue | Pending | | |
| 07/27/12 | 12-CV-0771-RTR | Dufresne v. Astrue | Pending | | |
| 08/02/12 | 12-CV-0790-JPS | Woods v. Office of Disability Adjudication and Review | Pending | | |
| 08/03/12 | 12-CV-0795-WEC | Herrera v. Astrue | Pending | | |
| 08/06/12 | 12-CV-0799-JPS | Wahls v. Astrue | Pending | | |
| 08/06/12 | 12-CV-0800-WEC | Dill v. Astrue | Pending | | |

| | | | | | |
|---|---|---|---|---|---|
| 08/13/12 | 12-CV-0821-LA | Brown v. Astrue | Remanded on Parties' Joint Motion | 10/29/12 | $949.00/IFP |
| 08/13/12 | 12-CV-0822-CNC | Hanson v. Astrue | Pending | | |
| 08/16/12 | 12-CV-0834-WEC | Resendez v. Astrue | Pending | | |
| 08/16/12 | 12-CV-0836-WCG | Delaney v. Astrue | Pending | | |
| 08/18/12 | 12-CV-0842-RTR | Kolp v. Astrue | Pending | | |
| 08/22/12 | 12-CV-0850-RTR | Fenner v. Astrue | Pending | | |
| 08/29/12 | 12-CV-0872-NJ | Hale v. Astrue | Pending | | |
| 09/07/12 | 12-CV-0917-JPS | Grant v. Social Security Administration | Pending | | |
| 09/11/12 | 12-CV-0926-RTR | Schmidt v. Astrue | Pending | | |
| 09/18/12 | 12-CV-0956-RTR | Webster v. Astrue | Pending | | |
| 09/18/12 | 12-CV-0957-RTR | Smith v. Astrue | Pending | | |
| 09/19/12 | 12-CV-0958-LA | Daniels v. Astrue | Pending | | |
| 09/20/12 | 12-CV-0967-RTR | Savignac v. Astrue | Pending | | |
| 09/21/12 | 12-CV-0969-LA | Schurr v. Astrue | Pending | | |
| 09/25/12 | 12-CV-0976-NJ | Swinney v. Astrue | Pending | | |
| 09/25/12 | 12-CV-0981-NJ | Weckwerth v. Astrue | Pending | | |
| 10/04/12 | 12-CV-1008-NJ | Jemison v. Astrue | Pending | | |
| 10/11/12 | 12-CV-1044-JPS | Warr v. Astrue | Pending | | |
| 10/16/12 | 12-CV-1055-PJG | Sterken v. Astrue | Pending | | |
| 10/22/12 | 12-CV-1072-WCG | Parini v. Astrue | Pending | | |
| 10/23/12 | 12-CV-1079-AEG | Watts v. Astrue | Pending | | |
| 10/24/12 | 12-CV-1080-CNC | Turner v. Astrue | Pending | | |
| 10/28/12 | 12-CV-1090-NJ | Berry v. Astrue | Pending | | |
| 10/29/12 | 12-CV-1092-AEG | Farrell v. Astrue | Pending | | |
| 10/31/12 | 12-CV-1102-WCG | Varga v. Astrue | Pending | | |
| 10/31/12 | 12-CV-1104-JPS | Repinski-Engle v. Astrue | Pending | | |
| 10/31/12 | 12-CV-1106-PJG | Rosenberg v. Astrue | Pending | | |
| 11/01/12 | 12-CV-1114-AEG | Heichler v. Astrue | Pending | | |
| 11/02/12 | 12-CV-1118-WCG | Gancarcik v. Astrue | Pending | | |
| 11/04/12 | 12-CV-1121-RTR | Paulsen v. Astrue | Pending | | |
| 11/06/12 | 12-CV-1130-WCG | Thompson v. Astrue | Pending | | |
| 11/06/12 | 12-CV-1131-LA | Stenger v. Astrue | Pending | | |
| 11/13/12 | 12-CV-1153-PJG | Piggue v. Astrue | Pending | | |
| 11/14/12 | 12-CV-1159-RTR | Rudolph v. Commissioner of Social Security | Pending | | |
| 11/14/12 | 12-CV-1163-AEG | Rutledge v. Commissioner Social Security Administration | Pending | | |
| 11/16/12 | 12-CV-1169-WEC | Clayton v. Commissioner of Social Security | Pending | | |
| 11/21/12 | 12-CV-1185-JPS | Crowell v. Astrue | Pending | | |
| 11/26/12 | 12-CV-1192-WEC | Schuessler v. Astrue | Pending | | |
| 11/27/12 | 12-CV-1196-JPS | Salazar v. Astrue | Pending | | |
| 11/27/12 | 12-CV-1199-RTR | Whitt v. Astrue | Pending | | |

| | | | | | |
|---|---|---|---|---|---|
| 11/28/12 | 12-CV-1203-AEG | Brandt v. Commissioner of Social Security | Pending | | |
| 11/29/12 | 12-CV-1206-WCG | Cantu v. Astrue | Pending | | |
| 11/29/12 | 12-CV-1209-RTR | Goodwin v. Astrue | Pending | | |
| 11/30/12 | 12-CV-1216-PJG | Vich v. Astrue | Pending | | |
| 12/01/12 | 12-CV-1219-LA | Cirino v. Astrue | Pending | | |
| 12/03/12 | 12-CV-1221-AEG | Shoffner v. Astrue | Pending | | |
| 12/03/12 | 12-CV-1225-AEG | Evans v. Astrue | Pending | | |
| 12/05/12 | 12-CV-1238-PJG | Reichardt v. Astrue | Pending | | |
| 12/05/12 | 12-CV-1239-LA | Stockton v. Astrue | Pending | | |
| 12/07/12 | 12-CV-1252-WCG | McDaniel v. Astrue | Pending | | |
| 12/12/12 | 12-CV-1269-AEG | Hart v. Astrue | Pending | | |
| 12/12/12 | 12-CV-1271-AEG | Schrage v. Astrue | Pending | | |
| 12/14/12 | 12-CV-1275-WCG | Van Den Bloomer v. Astrue | Pending | | |
| 12/14/12 | 12-CV-1276-LA | Johnson v. Astrue | Pending | | |
| 12/18/12 | 12-CV-1285-RTR | McKinney v. Astrue | Pending | | |
| 12/20/12 | 12-CV-1299-WCG | Suchocki v. Astrue, et. al. | Pending | | |
| 12/21/12 | 12-CV-1302-NJ | Filczer v. Astrue | Pending | | |
| 12/27/12 | 12-CV-1311-AEG | Loomis v. Astrue | Pending | | |

# 2013 Social Security Cases

| Date Filed | Case No./Judge | Case Title | Disposition | Disp. Date | Attorneys' Fees/Costs |
|---|---|---|---|---|---|
| 01/02/13 | 13-CV-0002-JPS | Gomez v. Social Security Office of Disability Adjudication and Review | Pending | | |
| 01/04/13 | 13-CV-0014-AEG | Jones v. Social Security Administration | Pending | | |
| 01/07/13 | 13-CV-0015-LA | Olson v. Astrue | Pending | | |
| 01/08/13 | 13-CV-0024-AEG | Neuberger v. Astrue | Pending | | |
| 01/09/13 | 13-CV-0029-JPS | Williams v. Astrue | Pending | | |
| 01/09/13 | 13-CV-0030-JPS | Triggs v. Astrue | Pending | | |
| 01/10/13 | 13-CV-0033-WCG | Stamper v. Astrue | Pending | | |
| 01/15/13 | 13-CV-0056-JPS | Serbian v. Astrue | Pending | | |
| 01/17/13 | 13-CV-0064-JPS | Nash v. Astrue | Pending | | |
| 01/22/13 | 13-CV-0075-JPS | Kujac v. Astrue | Pending | | |
| 01/22/13 | 13-CV-0076-JPS | Thompson v. Astrue | Pending | | |
| 01/25/13 | 13-CV-0096-RTR | Crammers v. Astrue | Pending | | |
| 01/25/13 | 13-CV-0101-JPS | Evans v. Astrue | Pending | | |
| 01/28/13 | 13-CV-0104-AEG | Carr v. Astrue | Pending | | |
| 01/29/13 | 13-CV-0107-WCG | Kaczrowski v. Astrue | Pending | | |
| 01/30/13 | 13-CV-0110-LA | Andino Ruiz v. Astrue | Pending | | |
| 01/31/13 | 13-CV-0112-LA | Grasso v. Astrue | Pending | | |